UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER FROST and ANNETTE
FROST,

    Plaintiffs,

v

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

Case No. 1:10-cv-1213

HON. JANET T. NEFF

## **PRELIMINARY INJUNCTION**

On February 8, 2011, the Court extended the Temporary Restraining Order entered by the state court in this removed action and enjoined Defendant's sale of Plaintiffs' home in foreclosure by advertisement proceedings during the pendency of this action (Dkt 13). The matter is now before the Court on the issue of a preliminary injunction. Having considered the parties' briefs and having heard oral argument from the parties on May 9, 2011, for the reasons stated on the record, the Court determines that Plaintiffs' Motion for a Preliminary Injunction (Dkt 10) is properly granted.

When deciding to whether to issue a preliminary injunction, the court considers four factors: (1) whether the party has a strong likelihood of success on the merits, (2) whether the party would suffer irreparable injury absent an injunction, (3) whether the issuance of an injunction would cause substantial harm to others, and (4) whether an injunction is in the public interest. *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000); *Mason County Medical Ass'n v. Knebel,* 563 F.2d

256, 261 (6th Cir. 1977). The factors are not prerequisites to the grant of a preliminary injunction, but are interrelated considerations that must be balanced together. *Leary,* 228 F.3d at 736.

As the party seeking the injunctive relief, a plaintiff bears the burden of persuasion on each of these factors. *American Standard, Inc. v. Meehan,* 517 F. Supp. 2d 976, 982 (N.D. Ohio 2007). However, the likelihood of success that need be shown may vary inversely with the degree of injury the plaintiff will suffer absent an injunction. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985).

In accordance with the Court's findings and conclusions on the record, the Court determines that a preliminary injunction is warranted. With regard to the likelihood of success on the merits, Plaintiffs have set forth case law and arguments in support of the viability of their claims that Defendant violated various procedural requirements for effectuating a mortgage foreclosure against their home. Given the early stage of these proceedings, the Court lacks the necessary factual predicate to more fully evaluate the merits of the claims presented. Weighing heavily in favor of injunctive relief is the irreparable harm that would result to Plaintiffs, both directly and indirectly, in a foreclosure proceeding. In contrast, there is little, if any, potential for substantial harm to Defendant or others on issuance of an injunction. Last, the public interest weighs in favor of issuing an injunction to maintain the status quo and permit Plaintiffs to remain in their home during the pendency of these proceedings. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Dkt 10) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant and its agents, officers, employees, assigns, and attorneys, including the Montcalm County Sheriff's Department and any court officers of

Montcalm County Circuit Court, are ENJOINED from selling Plaintiffs' home at 1460 Cody Lake Road, Trufant, Michigan pending adjudication of this case on the merits or until further order of this Court.

**IT IS FURTHER ORDERED**, pursuant to the agreement of the parties through their respective counsel, that the bond requirements of FED. R. CIV. P. 65(c) are satisfied by Plaintiffs' mortgage payments into the escrow account maintained by Plaintiffs' attorney's firm, Legal Aid of Western Michigan.

Date: May 9, 2011                                /s/ Janet T. Neff
                                                           JANET T. NEFF
                                                           United States District Judge